UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHARLES D. BURRAGE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-05023-JPH-DLP |
| | ) | |
| MARK SEVEIRE, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Charles D. Burrage petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number NCF 19-04-0025. For the reasons explained in this Order, Mr. Burrage's habeas petition must be **denied**.

**A.      Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B.      The Disciplinary Proceeding

On April 4, 2019, Indiana Department of Correction (IDOC) Correctional Captain N. Driscoll wrote a Report of Conduct charging Mr. Burrage with refusal to submit to testing, a violation of the IDOC's Adult Disciplinary Code offense B-203. The Report of Conduct provides:

> On Monday, April 08, 2019 at approximately 0310 hours, I Capt. N. Driscoll attempted to test Offender Burrage, Charles #232040 for the presence of alcohol. I instructed Offender Burrage to take a deep breath hold it and then blow steadily through the mouthpiece for as long as he could into the Alco-Sensor. Offender Burrage refused to follow orders. I Capt. N. Driscoll instructed Offender Burrage[ ] to follow my orders and attempted to test him 4 more times. Each time Offender Burrage[ ] failed to comply with my orders. Each time the Alco-Sensor would not capture a sample and would give an error due to Offender Burrage[ ] not blowing into the Alco-Sensor. Offender Burrage was advised of this conduct report.

Dkt. 701.

Mr. Burrage was notified of the charge on April 8, 2019, when he received the Screening Report. Dkt. 7-2. He pled not guilty to the charge, did not request witnesses, and asked for the video evidence of the incident. *Id.*

A hearing was held on April 15, 2019. Dkt. 7-4. Mr. Burrage told the hearing officer that, "I did blow into it. I did follow orders, I can't help it if it shows an error." *Id.* As requested, the hearing officer reviewed video of the incident and prepared a video evidence review report. Dkt. 7-5. The report states:

> The video . . . was reviewed from the 300 range camera as the offender requested. Video shows Capt. N. Driscoll gave the offender in the shower several opportunity's [sic] to blow into the Alco-Sensor. Capt. N. Driscoll and Lt. C. Farr have identified the offender in the shower as offender Burrage, Charles #232040. Camera does not record sound.

*Id.*

Lt. C. Farr, a witness to the incident, prepared a statement that was reviewed by the hearing officer. Lt. Farr's statement was:

2

On Monday, April 08, 2019 at approximately 0310 hours, I Lt. C. Far witnessed Capt. N. Driscoll attempt to test Offender Burrage, C. for the presence of alcohol. Capt. Driscoll instructed offender Burrage to take a deep breath, hold it, and then blow steadily through the mouthpiece for as long as he could into the Alco-Sensor. Offender Burrage refused to follow her orders. Capt. Driscoll instructed offender Burrage to follow her orders and attempted to test him 4 more times. Each time offender Burrage failed to comply with Capt. Driscoll's orders. Capt. Driscoll then advised offender Burrage he would be receiving a conduct report for refusing to test.

Dkt. 7-6.

An e-mail from Capt. Driscoll to the hearing officer noted there was a hand-held camera with the officers for their use in photographing the test results, but there is no record of any evidence from that camera. Dkt. 7-7.

The hearing officer took Mr. Burrage's statement into account, as well as the staff report, witness statement, video evidence, and the email, and found Mr. Burrage guilty of refusal to test. Dkt. 7-4. The hearing officer noted on the hearing report that "[w]hen a person does not blow into the alco-sensor hard enough it will show error." *Id.* The sanctions imposed included a fifty-day earned-credit-time deprivation. *Id.*

Mr. Burrage appealed to the Facility Head and the IDOC Final Reviewing Authority, where both appeals were denied. Dkts. 7-8 & 7-9. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

C.     Analysis

In his petition, Mr. Burrage asserts four grounds for habeas corpus relief. Dkt. 1. He asserts that (1) the conduct report was false; (2) the video evidence shows five tests that he complied with each time; (3) the alco-sensor was malfunctioning and resulted in a defective test; and (4) he was denied due process when he was not allowed to re-test with a functioning alco-sensor. *Id.* The Warden argues that the first three of Mr. Burrage's grounds challenge the sufficiency of the

evidence. Dkt. 7 at 6. He argues that the fourth ground for relief is procedurally defaulted because it was not raised in Mr. Burrage's administrative appeals, and alternatively Mr. Burrage has no due process right to any testing. *Id.* Mr. Burrage has not filed a reply to these arguments.

### 1.      Grounds One, Two, and Three

The Court agrees with the Warden that the first three of Mr. Burrage's grounds for relief are best framed as challenges to the sufficiency of the evidence. In his first ground for relief Mr. Burrage contends the conduct report was false and repeats each of Caption Driscoll's material statements. Dkt. 1 at 4, ¶ A. He does not, however, provide any reason why each statement was false. The second ground for relief, titled only "Video Evidence," argues that the video evidence shows that he was tested five times and complied with instructions the entire time. *Id.* at ¶ B. This ground appears to be an explanation or argument in support of the first ground alleging the conduct report was false. Mr. Burrage's third ground for relief is that the tests were defective because the alco-sensor was not properly functioning. *Id.* at ¶ C. He argues that there was no evidence that the alco-sensor was functioning properly. *Id.*

As an initial observation, the longtime rule in prison disciplinary cases is that the use of false evidence or the making of a false conduct report are not constitutional due process violations so long as other procedural protections are constitutionally adequate. *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999) ("[W]e have long held that as long as procedural protections are constitutionally adequate, we will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent."). Therefore Mr. Burrage's assertion that the conduct report was false is only cognizable as a challenge to the sufficiency of the evidence.

In his third ground for relief, Mr. Burrage asserts the alco-sensor was malfunctioning. There is no evidence to support this assertion.

4

The first and third grounds for relief are therefore considered with the second ground for relief which argues an alternative version of the events. Dkt. 1 at 4. Asking the Court to accept an alternate interpretation of the evidence or an opposing argument is essentially asking the Court to re-weigh the evidence. The Court does not, however, re-weigh evidence or assess credibility of the evidence. The Court's only role is to assess whether the disciplinary hearing officer's decision is supported by sufficient evidence. *Hill*, 472 U.S. at 455-56.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

The hearing officer's decision is supported by Capt. Driscoll's conduct report, Lt. Farr's witness report, and the video evidence. Any one item would be a sufficient evidentiary basis for the decision. Assuming, for purposes of this discussion, that any of Mr. Burrage's contentions had evidentiary support, they still could not be considered in the sufficiency analysis because that would require a re-weighing of the evidence. Choosing which version of the evidence to accept is solely the responsibility of the hearing officer, not this Court's.  In short, the "some evidence" standard is a low bar, a "meager threshold [that once] crossed our inquiry ends." *Scruggs*, 485 F.3d at 941. Mr. Burrage cannot be granted habeas corpus relief on his first three grounds for relief.

### 2.      Re-Testing

The Warden presents a procedural default defense to Mr. Burrage's fourth ground for relief, which contends that the failure to provide him re-testing with an operative alco-sensor violated due process.

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Indiana Department of Correction Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent Petition for Writ of Habeas Corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). If the issues were not raised in both of the administrative appeals and the time for doing so has passed, the issues are procedurally defaulted and may not be the basis for habeas corpus relief. *Id.*

A review of Mr. Burrage's appeal to the Facility Head does not contain any argument or suggestion for re-testing. Dkt. 7-8. The failure to include the issue in the first appeal is fatal to consideration of the issue by a federal habeas corpus court. 28 U.S.C. § 2254(b)(1)(A). Therefore, Mr. Burrage cannot be granted habeas corpus relief on his fourth ground for relief.

### D.     Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Burrage to the relief he seeks. Accordingly, Mr. Burrage's petition for a writ of habeas corpus is **denied** and this action **dismissed** with prejudice. Final judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 10/30/2020

_James Patrick Hanlon_

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Charles D. Burrage
232040
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, IN 47362

Abigail Recker
Indiana Attorney General
abigail.recker@atg.in.gov